IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SARAH E. AYRES,<br><br>                     Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                     Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:17-cv-01088-DN<br><br>District Judge David Nuffer |

Defendant Portfolio Recovery Associates LLC ("PRA") filed a motion (the "Motion")[1] to dismiss Plaintiff Sarah E. Ayres's complaint.[2] The Motion is made under rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Ayres has failed to state a claim on which relief can be granted, the Motion[1] is GRANTED.

## BACKGROUND

"To survive a motion to dismiss, a complaint must allege facts that, if true, state a claim to relief that is plausible on its face. A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable."[3] Accepting Ayres's well-pleaded factual allegations as true, "view[ing] them in the light most favorable to" Ayres, and considering the letter referenced in her complaint,[4] the relevant facts for purposes of this Motion are as follows.

---

[1] Defendant's Motion to Dismiss and Memorandum in Support, docket no. 15, filed October 25, 2017; *see* Plaintiff's Opposition to Motion to Dismiss, docket no. 18, filed November 22, 2017; Defendant's Reply in Support of Motion to Dismiss, docket no. 20, filed December 6, 2017; Notice of Supplemental Authority, docket no. 24, filed August 28, 2018; Plaintiff's Notice of Supplemental Authority, docket no. 25, filed October 19, 2018.

[2] Complaint ¶¶ 10, 12, docket no. 2-2, filed September 28, 2017.

[3] *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016) (citation and internal quotation marks omitted).

[4] Letter, docket no. 15-1, filed October 25, 2017; *see Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2nd Cir. 1993) ("documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing

Over a decade ago, Ayres opened a credit account with Capital One, on which she made purchases primarily for personal, family, or household purposes.[5] The last time Ayres made a purchase on or payment toward the account was before 2012.[6] Ayres ultimately defaulted on the account, leaving it with an outstanding balance.[7]

Following Ayres's default, Capital One transferred the account to PRA, which is in the business of purchasing and collecting debts.[8] According to Ayres, when PRA acquired the account, any action to collect on her debt was already time-barred under applicable statutes.[9] Thereafter, on April 25, 2017, PRA sent a letter to Ayres in an attempt to collect the time-barred debt.[10] The letter read:

> Every day [PRA] works with people to create flexible payment arrangements to resolve their debt. We would love the opportunity to do the same for YOU.
> Please contact us. We are standing by and ready to help.
> . . . .
> CURRENT BALANCE DUE: $7,642.82
> Account Offers[:]
> [1] Single Payment Savings Plan[:] Pay $4,203.55 and SAVE $3,439.27[;]
> [2] 12 Month Savings Plan[:] Pay $382.14 for 12 consecutive months and SAVE $3,057.14[;]
> [3] 33 Month Installment Option[:] Pay $231.60 for 33 consecutive months[.]
> Savings Plan: The savings will be applied to the balance and your account will be considered "Settled in Full" after your final payment is successfully posted.

---

suit" may properly be considered "[w]hen determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes." (citations omitted)).

[5] Complaint, *supra* note 2, ¶¶ 10, 12.

[6] *Id.* ¶ 13.

[7] *Id.* ¶¶ 11, 14.

[8] *Id.* ¶¶ 6, 14-15.

[9] *Id.* ¶¶ 6, 14, 20, 23, 24. It is assumed, for purposes of this Motion only, that all relevant statutes of limitations expired before PRA's acquisition of the account and attempt to collect on the debt.

[10] *Id.* ¶¶ 10, 16-17; *see supra* note 9.

> Installment Option: Your account will be considered "Paid in Full" after your final payment is successfully posted.
> Your first payment must be received NO LATER than: 05/26/2017[.]
> . . . .
> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.
> . . . .
> This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.[11]

Ayres did not choose any of the payment options offered in PRA's letter. Instead, she sued PRA for sending the letter.

## DISCUSSION

Ayres asserts two causes of action against PRA. First, violation of the Fair Debt Collection Practices Act ("FDCPA").[12] And, second, violation of the Utah Consumer Sales Practices Act ("UCSPA").[13] As explained below, she is not entitled to relief under either statute.

### Ayres is not entitled to relief under the FDCPA.

The FDCPA's purpose is "to eliminate abusive debt collection practices by debt collectors."[14] It prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt,"[15] as well as the use of "unfair or unconscionable means to collect or attempt to collect any debt."[16] Thus, it is a violation of the FDCPA to falsely represent "the character, amount, or legal status of any debt";[17] to threaten "to take any action

---

[11] Letter, *supra* note 4.

[12] 15 U.S.C. § 1692 et seq.; *see* Complaint, *supra* note 2, ¶¶ 33-37.

[13] UTAH CODE § 13-11-1 et seq.; *see* Complaint, *supra* note 2, ¶¶ 38-47.

[14] 15 U.S.C. § 1692(e).

[15] *Id.* § 1692e.

[16] *Id.* § 1692f.

[17] *Id.* § 1692e(2)(A).

that cannot legally be taken";[18] or to use "any false representation or deceptive means to collect or attempt to collect any debt."[19] A debt collector's liability under the FDCPA is a legal issue.[20]

Ayres alleges that PRA violated the FDCPA in three ways: (1) by accepting assignment of a time-barred debt in contravention of the Utah Collection Agencies Act ("UCAA");[21] (2) by attempting to collect on the time-barred debt;[22] and (3) by not disclosing "that any payment on the debt would result in the revival or tolling of the debt's statute of limitations."[23] For the following reasons, the law does not afford Ayres relief on any of these grounds.

First, even if PRA violated the UCAA when it accepted assignment of a time-barred debt, the UCAA does not give rise to a private cause of action, and "the court cannot transform a (purported) violation of the UCAA into a private right of action under the FDCPA."[24]

Second, a debt is not invalid simply because its statute of limitations expired.[25] Nor is the mere attempt to collect a time-barred debt unlawful under the FDCPA—especially where, as here,[26] the debt collector's communication indicates that the limitations period has run.[27]

---

[18] *Id.* § 1692e(5).

[19] *Id.* § 1692e(10).

[20] *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012); *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1223 (D. Kan. 2014).

[21] UTAH CODE § 12-1-8; *see* Complaint, *supra* note 2, ¶¶ 23-25, 35, 48, 51.

[22] Complaint, *supra* note 2, ¶¶ 20, 48.

[23] *Id.* ¶¶ 28, 30-31, 51.

[24] *Gunther v. Midland Credit Mgmt., Inc.*, No. 2:17-cv-704-CW, 2018 WL 4621764, *5 (D. Utah Sept. 26, 2018).

[25] *See Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 396 (6th Cir. 2015).

[26] Letter, *supra* note 4 (see penultimate paragraph quoted above accompanying note 11).

[27] *See Midland Funding, LLC v. Johnson*, 137 S. Ct. at 1411 (2017) ("filing of a proof of claim that on its face indicates that the limitations period has run does not fall within the scope of any of the five relevant words of the Fair Debt Collection Practices Act"); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid"); *Stimpson v. Midland Credit*

And, third, while in some circumstances it may be a violation of the FDCPA to fail to disclose that partial payment of a time-barred debt will revive the debt's statute of limitations, that cannot, as a matter of law, be the case here because "in Utah partial payment on a debt that is past the limitations period does not revive the debt's statute of limitations."[28] Because there was no risk of revival, PRA could not have violated the FDCPA by failing to disclose that a partial payment would reset the limitations period.[29]

Ayres is not entitled to relief on her first cause of action, and it will be dismissed.

## Ayres is not entitled to relief under the UCSPA.

The UCSPA's purpose is, among other things, "to protect consumers from suppliers who commit deceptive and unconscionable sales practices," and "to encourage the development of fair consumer sales practices."[30] "A deceptive act or practice by a supplier in connection with a consumer transaction violates" the UCSPA,[31] as does also "[a]n unconscionable act or practice by a supplier in connection with a consumer transaction."[32]

---

*Mgm't, Inc.*, No. 1:17-cv-00431, 2018 WL 4643110, *5 (D. Idaho Sept. 27, 2018) (creditor may seek payment after statute runs and offer "to accept less than the full amount [debtor] owes—resulting in savings for" debtor).

[28] *Gunther*, 2018 WL 4621764, *10; *see State Bank of S. Utah v. Troy Hygro Sys., Inc.*, 894 P.2d 1270, 1276 (Utah Ct. App. 1995) ("part payment . . . does not extend the limitations period if the . . . payment . . . occurs after the applicable statute of limitations has run").

[29] *See Stimpson*, 2018 WL 4643110, *4.

[30] UTAH CODE § 13-11-2(2), (3).

[31] *Id.* § 13-11-4(1).

[32] *Id.* § 13-11-5(1).

Ayres alleges that PRA violated the UCSPA in two ways: (1) by accepting assignment of a time-barred debt in contravention of the UCAA;[33] and (2) by not disclosing "that any payment on the debt would result in the revival or tolling of the debt's statute of limitations."[34]

For the same reasons that these allegations do not entitle Ayres to relief on her FDCPA claim, they also do not entitle her to relief on her UCSPA claim. Specifically, "the court cannot transform a (purported) violation of the UCAA into a private right of action under the USCPA";[35] and partial payment of a time-barred debt does not revive the statute of limitations in Utah.[36]

Because the UCSPA does not afford Ayres relief, her second cause of action will be dismissed.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[37] is GRANTED.

IT IS FURTHER HEREBY ORDERED that Ayres's first and second causes of action[38] against PRA for violation of the FDCPA and UCSPA are DISMISSED with prejudice.

Signed November 8, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[33] *Id.* § 12-1-8; *see* Complaint, *supra* note 2, ¶¶ 23-25, 40, 51.

[34] Complaint, *supra* note 2, ¶¶ 28, 30-31, 40, 51.

[35] *Gunther*, 2018 WL 4621764, *9 ("a violation of the UCAA does not provide a basis for a USCPA claim").

[36] *Id.*

[37] Docket no. 15, filed October 25, 2017.

[38] *See* Complaint, *supra* note 2, ¶¶ 33-47.