IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| SARAH E. AYRES, Plaintiff, v. PORTFOLIO RECOVERY ASSOCIATES, LLC, Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION OR TO AMEND** Case No. 2:17-cv-01088-DN District Judge David Nuffer |
|---|---|

Plaintiff Sarah E. Ayres filed a motion (the "Motion")[1] for clarification or reconsideration of the Memorandum Decision and Order Granting Defendant's Motion to Dismiss ("Dismissal Order")[2] or, alternatively, for leave to file an amended complaint. For the following reasons, the Motion[1] is DENIED.

## DISCUSSION

### The Dismissal Order was decided correctly.

Ayres argues that the Dismissal Order should be reconsidered on the grounds that "the Court may have misapprehended one of the basis [sic] for" her Fair Debt Collection Practices Act ("FDCPA") claim.[3] Specifically, Ayres asserts that the court failed to consider her allegation that Defendant Portfolio Recovery Associates LLC ("PRA") violated the FDCPA by "falsely

---

[1] Motion for Clarification or Reconsideration of Order Dismissing Complaint, or in the Alternative, Motion to Amend Complaint ("Motion"), docket no. 28, filed November 28, 2018; *see* Defendant's Memorandum in Opposition to Plaintiff's Motion for Clarification or Reconsideration of Order Dismissing Complaint, or in the Alternative, Motion to Amend Complaint, docket no. 29, filed December 12, 2018; Reply in Support of Motion for Clarification or Reconsideration of Order Dismissing Complaint, or in the Alternative, Motion to Amend Complaint, docket no. 30, filed December 19, 2018.

[2] Docket no. 26, filed November 8, 2018.

[3] Motion, *supra* note 1, at 3.

represent[ing] Ayres could save money by making payments on a time-barred debt."[4] But, contrary to Ayres's assertion, she did not allege *in her complaint* that PRA violated the FDCPA in that manner.[5] And she cannot amend her complaint through a brief in opposition to PRA's motion to dismiss.[6] Therefore, the Motion will be denied to the extent it seeks reconsideration of the Dismissal Order.[7]

### Ayres's proposed amendment is futile.

Ayres argues that she should be granted leave to file an amended complaint to allege that PRA violated the FDCPA by falsely representing that she could save money by making payments on a time-barred debt.[8] While leave to amend pleadings should be given freely "when justice so requires,"[9] courts enjoy broad discretion in making this determination.[10] If an amendment is futile, leave to amend is properly denied.[11]

Ayres's proposed amendment is futile because PRA is allowed under the FDCPA to offer to accept less than the full amount Ayres owes—resulting in a savings for Ayres.[12] Ayres's debt

---

[4] *Id.* at 1-2.

[5] *See* Complaint, docket no. 2-2, filed September 28, 2017. Paragraphs 17, 20, 26, 27, and 34 of the complaint—to which Ayres makes reference, *see* Motion, *supra* note 1, at 4—do not allege that PRA falsely represented that Ayres could save money. Moreover, paragraphs 20, 26, 27, and 34 are mere legal conclusions to which no presumption of truthfulness is given. *See In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003); *In re Party City Secs. Litigation*, 147 F. Supp. 2d 282, 297 (D.N.J. 2001); *Kramer v. Van Dyke Pub. Schs.*, 918 F. Supp. 1100, 1104 (E.D. Mich. 1996).

[6] *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

[7] Because the Motion for reconsideration was served after ten days of the rendition of judgment, it falls under Fed. R. Civ. P. 60(b)—*not* Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991).

[8] Motion, *supra* note 1, at 2, 5-6.

[9] FED. R. CIV. P. 15(a)(2).

[10] *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971).

[11] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[12] *See Stimpson v. Midland Credit Mgm't, Inc.*, No. 1:17-cv-00431, 2018 WL 4643110, *5 (D. Idaho Sept. 27, 2018).

did not evaporate when the statute of limitations ran. Her debt is a valid obligation, and it will remain so until she pays it, regardless of whether her creditor can successfully sue her.[13]

> Legal defenses are not moral defenses . . . . And a creditor remains free, in the absence of a bankruptcy order or something comparable *preventing* it from trying to collect the debt, to let the debtor know what the debt is and to ask her to pay it. There thus is nothing wrong with informing debtors that a debt remains unpaid or for that matter allowing them to satisfy the debt at a discount. For some individuals, such letters may offer a welcome solution to an outstanding debt.[14]

Because Ayres's proposed amendment is futile, her request to amend will be denied.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[15] is DENIED.

Signed December 20, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[13] *Id.* (citing *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411 (2017)).

[14] *Buchanan v. Northland Group, Inc.*, 766 F.3d 393, 396 (6th Cir. 2015); *see also Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017) ("The creditor retains the legal right to appeal to the debtor to honor the debt out of a sense of moral obligation even if the legal obligation can no longer be enforced in court.").

[15] Docket no. 28, filed November 28, 2018.